# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| *Plaintiff,* | ) ) ) | |
| v. | ) ) | No. 3:17-CR-41.1 REEVES/SHIRLEY |
| ROBERT L. ROSE, | ) ) ) | |
| *Defendant.* | ) | |

## MEMORANDUM OPINION AND ORDER

On August 1, 2017, the Honorable Judge C. Clifford Shirley, Jr., United States Magistrate Judge, issued a Report and Recommendation ("R&R") [D. 120], in which he recommended that the Court deny Defendant Rose's motion to suppress [D. 66]. This matter is presently before the Court on Mr. Rose's objection to the R&R [D. 121], which the government opposes [D. 122]. For the reasons that follow, the Court agrees with Judge Shirley's thorough analysis of the motion. Consequently, Mr. Rose's objections will be overruled, the R&R will be accepted in whole, and the underlying motion to suppress will be denied.

Mr. Rose is charged with (1) conspiring to distribute 50 grams or more of methamphetamine between January 1, 2014, and April 18, 2017 (Count 1); (2) possession of methamphetamine with the intent to distribute on March 7, 2016 (Count Seven); and (3) possession of a firearm in furtherance of the March 7, 2016, drug trafficking offense (Count Eight). On March 7, 2016, Mr. Rose was arrested and law enforcement officers searched his apartment. Mr. Rose contends that the search was conducted prior to the issuance of a search warrant in violation of his Fourth Amendment rights, and seeks to suppress any evidence seized as a result of that search.

On June 29, 2017, an evidentiary hearing on Mr. Rose's motion to suppress was held

before Magistrate Judge Shirley. As part of the hearing, the government presented the testimony of two witnesses from the Knox County Sheriff's Office ("KCSO"): Detective Kenneth Allen and Lieutenant Lawrence Christopher Bryant. Judge Shirley found that the search of Mr. Rose's apartment did not begin until *after* law enforcement officials had obtained a search warrant, and recommended that the motion to suppress should be denied. According to Judge Shirley, the ultimate problem with the government's actions "lies with the record keeping, not with the search or its timing" [D. 120, at 18-19].

In reaching this conclusion, Judge Shirley made several findings of fact, including the following: (1) Law enforcement officers arrived at Mr. Rose's apartment complex on March 7, 2016, at 8:58 p.m.; (2) Mr. Rose's apartment was secured while Detective Allen went to apply a search warrant; (3) Magistrate Ray Jenkins signed the search warrant at 9:40 p.m.; (4) Detective Allen returned to the apartment with the warrant about twenty minutes later, at which point the search began; and (5) Detective Allen erroneously entered the time that the officers arrived on the scene as the time that the search warrant was executed on four documents, which may have provided the basis for subsequent documents that perpetuated the error. Judge Shirley credited the unequivocal testimony of the government's witnesses that the search of Mr. Rose's apartment did not begin until the warrant was brought to the scene.

In his timely objection to the R&R, Mr. Rose contends that the record does not support Judge Shirley's factual findings and that the officers' testimony should be disregarded [D. 121, at 2, 4]. Mr. Rose urges the Court to rely solely upon the submitted exhibits, which indicate that the March 7 search was executed at 8:58 p.m., and the search warrant was signed at 9:40 p.m. Mr. Rose has requested a de novo hearing on the merits of his objections [*Id.* at 4, 6].

Mr. Rose's objection to the R&R primarily focuses on the inconsistencies he has identified in the testimony of the government's two witnesses. However, not all of the alleged contradictions are actually inconsistent,[1] and Mr. Rose admits that Lieutenant Bryant and Detective Allen were *consistent* as to the key fact at issue: "both were adamant that [the search] did not commence prior to obtaining a warrant." [D. 121, at 4]. Further, both witnesses consistently testified that law enforcement arrived on the scene at 2058 hours [D. 120, at 6, 9], and both insisted that the time noted on the submitted documents was simply an error in documentation [*Id.* at 8, 11, 16].

Judge Shirley found that Mr. Rose's motion to suppress "presented no testimony or evidence (aside from the dates and time on paperwork completed following the search) that the search occurred at any specific time or that it occurred before the issuance of the search warrant." [D. 121, at 18]. Mr. Rose's objection to the R&R similarly fails to adequately address the possibility of error in documentation, or to present a plausible alternative timeline of events.[2] While Mr. Rose points out that it is KCSO's policy and routine practice to enter the time that a search was *conducted* in their case files, this alone is not conclusive proof that the paperwork was completed accordingly. The Court agrees with Judge Shirley's assessment that the KCSO's

---

[1] For example, Mr. Rose contends that the testifying officers contradicted each other with respect to the initial entry into the apartment: "Lieutenant Bryant testified that officers entered and secured Mr. Rose's apartment prior to obtaining a search warrant; Detective Allen testified that no one entered the apartment before he arrived with the warrant and that he was the first officer through the door." [D. 121, at 4]. In fact, the two officers were in agreement that the apartment had been secured prior to the search. Detective Allen testified that he did not draw his gun when entering the apartment because it "had already been secured and three or four people removed." [D. 120, at 11]. Thus, Detective Allen presumably meant that he was the first inside for the *search*, and not that he was the first officer to enter the apartment that day.

[2] Evidence in the record, corroborated by Detective Allen's testimony, suggests that the County Attorney may have been gathering information for the search warrant throughout the day [D. 120, at 17]. Defense counsel suggested that the government's timeline was not feasible, but, as Judge Shirley found, "the alternative timeline argued by the Defendant … is even less feasible" [D. 120, at 18 n. 6]. The Court agrees.

documentation in this case was "sloppy at best and abysmal at worst," and must be viewed alongside the testimonial evidence [D. 120, at 18].

At the June 29 hearing, Judge Shirley observed the government's witnesses and found their testimony to be credible [D. 120, at 18]. Courts in the Sixth Circuit are "generally reluctant to set aside credibility determinations made by the trier of fact, who has had the opportunity to view the witness on the stand and assess his demeanor." *Peveler v. United States*, 269 F.3d 693, 702 (6th Cir. 2001). Thus, the Court defers to Judge Shirley's credibility determination here.

Mr. Rose has moved for a de novo hearing on the merits of his objections. When a party objects to the magistrate's R&R, the district judge "shall make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b). As the Supreme Court has noted, "Congress purposefully used the word *determination* rather than *hearing*," indicating its intent "to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980). Based on the record, the Court finds no compelling reason to second-guess Judge Shirley's factual findings or his decision to credit the officers' testimony regarding the timing of the search and the clerical errors. The Court thus denies Mr. Rose's request for a de novo hearing.

Accordingly, Mr. Rose's objections to the Magistrate Judge Shirley's R&R [D. 120] are **OVERRULED.** The Court **ACCEPTS IN WHOLE** the R&R under 28 U.S.C. § 636(b)(1). For the reasons stated in the R&R, which the Court adopts and incorporates into its ruling, Mr. Rose's motion to suppress [R. 66] is **DENIED**.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**